UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KARLISS LYTTLE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 06-cv-580-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Karliss Lyttle's ("Lyttle") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government responded to the motion (Doc. 9), and Lyttle replied to that response (Doc. 12).

**I.      Background**

In March 2003, Lyttle was indicted on one count of conspiring to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (count 1) and two counts of distribution of less than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (counts 12 & 13). In addition, the government filed an information pursuant to 21 U.S.C. § 851 based on a prior felony drug sentence. Lyttle was represented at the trial level by attorney Susan Gentle ("Gentle").

In August 2003, a jury found Lyttle guilty on all three counts and made a special finding that the conspiracy charged in count 1 involved more than fifty grams of crack cocaine. At trial, the government presented evidence from at least five witnesses that Lyttle was involved in crack cocaine distribution activities, including crack cocaine sales out of codefendant George McNair's ("McNair") house in Mt. Vernon, Illinois, and transporting codefendant Robert Barber ("Barber") to St. Louis, Missouri, to purchase crack cocaine for the conspiracy. It also presented

a post-arrest statement from Lyttle that he participated in at least some of those drug activities and that he performed house and yard chores for McNair's mother to get money to buy crack cocaine. In addition, the government presented video surveillance tapes of the transactions charged in counts 12 and 13 as well as testimony from the drug purchasers in those transactions. It also presented testimony from forensic chemists that the substances involved in those transactions was crack cocaine.

Lyttle's Presentence Investigation Report's ("PSR") calculated his relevant conduct as 332.46 grams of crack cocaine, which under the United States Sentencing Guideline[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 34. The PSR recommended imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because Lyttle possessed a gun during the commission of the offense and no reduction for acceptance of responsibility, yielding a total offense level of 36. The PSR further found that Lyttle's criminal history put him into category I. The PSR recognized that the sentencing range for a level 36 offense with a criminal history I ordinarily would have been 188 to 235 months, but in light of the 20-year statutory minimum sentence for count 1 established by 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851, Lyttle's effective sentencing range for Count 1 was 240 months. *See* U.S.S.G § 5G1.1(b). This sentence was within the statutory range of no more than 30 years for counts 12 and 13 established by §§ 841(b)(1)(C) and 851.

On April 22, 2004, the Court held a sentencing hearing.[2] At the hearing, Lyttle objected

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2002 United States Sentencing Guidelines Manual.

[2]Lyttle's sentencing occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The impact of those decisions on Lyttle's case is discussed later in this order.

to the PSR's relevant conduct calculation as well as its recommendation to impose the gun enhancement and to decline to allow the acceptance of responsibility reduction. The Court rejected Lyttle's objections and, adopting the PSR, found by a preponderance of the evidence that Lyttle's relevant conduct was between 150 and 500 grams of crack cocaine, that the gun enhancement applied and that Lyttle was not entitled to a reduction for acceptance of responsibility. It then sentenced Lyttle to serve 240 months on counts 1, 12 and 13 to run concurrently. It also sentenced him to a ten-year period of supervised release following his imprisonment.

Lyttle appealed to the Seventh Circuit Court of Appeals. On appeal, Lyttle argued that his sentence could not be enhanced under 21 U.S.C. § 851 based on his prior felony drug conviction, which was related to the federal offense for which he was convicted. The Court of Appeals affirmed his conviction and sentence on May 20, 2005, and entered its mandate on June 13, 2005. *United States v. Penrod*, No. 04-2132, 2005 WL 1253872 (7th Cir. May 20, 2005). Lyttle petitioned the United States Supreme Court for a writ of *certiorari*, which it denied on October 3, 2005. *Lyttle v. United States*, 546 U.S. 911 (2005).

Lyttle filed this timely § 2255 motion on July 26, 2006. In it, Lyttle asks the Court to vacate his conviction and sentence because his trial counsel was constitutionally ineffective for (1) failing to interview five witnesses before trial and for failing to call them to testify at trial, (2) failing to object that the evidence presented at trial was insufficient to support a finding that crack cocaine was involved, (3) failing to object to the Court's finding Lyttle's prior conviction by a reasonable doubt, (4) argue that Lyttle was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), a case decided approximately a month after his sentencing and (5) failing to object to the Court's imposition of a ten-year term of supervised release..

In response, the government argues that Gentle's performance did not amount to ineffective assistance of counsel justifying relief under § 2255.

## II.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000);  *Prewitt*, 83 F.3d at 816.  A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice.  *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Neither is a § 2255 motion necessarily a second chance at a successful appeal.  *Varela v. United States*, No. 05-2792, 2007 WL 569854, at * 3 (7th Cir. Feb. 26, 2007).  The Court may

refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and the potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, the Court finds that Lyttle has not procedurally defaulted his ineffective assistance of counsel claims.

## III.   Analysis

The Court finds that Lyttle has not presented any evidence or argument meriting either a hearing or relief under § 2255. In order to escape procedural default, Lyttle frames all his claims as violations of his Sixth Amendment right to effective assistance of counsel in his criminal proceeding. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Fountain*, 211 F.3d at 434. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).[3]

The Court addresses each of Lyttle's claimed instances of ineffective assistance of counsel in turn.

---

[3]In its response, the government urges the Court to apply the "fundamental fairness" prejudice test of *Lockhart v. Fretwell*, 506 U.S. 364 (1993). However, in proceedings like the one at bar, *Strickland's* outcome determination prejudice test applies. *Goodman v. Bertrand*, 467 F.3d 1022, 1027-28 (7th Cir. 2006) (citing *Washington v. Smith*, 219 F.3d 620, 632-33 (7th Cir. 2000)); *see Williams v. Taylor*, 529 U.S. 362, 393 (2000) (*Fretwell* does "not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him." (emphasis in original)).

      A.      <u>Failure to Interview and Call Witnesses</u>

Lyttle asks the Court to vacate his conviction because his trial counsel was constitutionally ineffective for failing to interview certain witnesses and call them to testify at trial.

Lyttle argues that Gentle was ineffective because she failed to interview five witnesses he told her about before trial, each of whom Lyttle believes would have been able to testify in his favor: Edna Edwards, Eddie Edwards, John Higgins, Inita Thomas and Brendi Fallis. Gentle apparently told Lyttle that if she called those witnesses they would be so fearful that they would have heart attacks on the witness stand.

Lyttle believes Eddie Edwards, a former police officer, would have testified that "something was going on" at the house in question in this case, but that the reason Lyttle was there was for the purpose of performing maintenance work. Lyttle believes Higgins, the owner of an auto shop, would have testified that Lyttle worked for him during the time frame of the alleged conspiracy and had two court dates that required him to be in Mt. Vernon. Lyttle believes Thomas would have testified that Lyttle was a drug addict and that any drugs he purchased from codefendant Barber were for her and Lyttle's personal use. She also would have testified that Howard Rudd purchased drugs from Barber, not from Lyttle. Finally, Lyttle believes Fallis would have testified that Lyttle had a buyer-seller relationship with drug dealers, that she and Lyttle occasionally purchased drugs from Barber for their personal use and that Lyttle performed maintenance work around the house in question. Lyttle does not specify exactly what Gentle would have learned from interviewing Edna Edwards or what her testimony would have been had Gentle called her to testify at trial.

The government argues that even if Gentle had been delinquent in failing to interview

7

and call the five witnesses Lyttle named, the failure was not prejudicial because those witnesses could not offer testimony that, in light of the overwhelming evidence against Lyttle, would have had a reasonable probability of changing the result at trial.

An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). An attorney does not have to investigate every conceivable line of mitigating evidence as long as his decision not to investigate a particular line was reasonable from his perspective at the time he made the decision to forego the investigation. *Wiggins*, 539 U.S. at 521-22; *Adams*, 453 F.3d at 436; *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002). Strategic choices to limit an investigation are reasonable if "reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91; *accord Wiggins*, 539 U.S. at 521.

When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See id.*

Lyttle has failed to show prejudice in this case from any deficient performance by Gentle because the testimony he believes the five witnesses would have given was unlikely, if presented, to affect his case. Eddie Edwards's testimony that Lyttle was around McNair's house to do odd jobs was consistent with the evidence that Lyttle did chores for McNair's mother to get

8

money to buy drugs and would not have detracted from the government's evidence of Lyttle's guilt. Likewise, Higgins's testimony was not inconsistent with the evidence at trial in any substantive way and would not have served to show that Lyttle did not commit the crimes with which he was charged. Thomas's and Fallis's expected testimony, while perhaps supporting the theory that Lyttle purchased drugs from Barber only for personal use on certain occasions, would have done nothing to contradict the evidence that Lyttle made trips with Barber to obtain drugs from St. Louis for the conspiracy and sold those drugs on other occasions. Furthermore, the testimony of Thomas and Fallis is without any foundation supporting their personal knowledge about what Lyttle did outside their presence. Without such a foundation, testimony about what Lyttle "did not do" would carry very little weight. With respect to the information available from Edna Edwards, Lyttle has not provided the "sufficiently precise information" to show how her testimony would have benefitted him and possibly changed the outcome of the trial. In sum, in light of the government's overwhelming evidence at trial, none of the testimony Lyttle believes should have been presented at trial in his defense, individually or cumulatively, had a reasonable probability of changing the outcome of the trial or rendering the trial unfair. Because he has not established prejudice from Gentle's alleged failure to interview these witnesses and introduce their testimony at trial, Lyttle is not entitled to § 2255 relief on this basis.

      B.    <u>Sufficiency of the Evidence</u>[4]

Lyttle also argues that Gentle was ineffective for not objecting that the government failed

---

[4]To the extent that Lyttle advances this argument as a direct challenge to the sufficiency of the evidence as opposed to ineffective assistance of counsel for failing to object to the sufficiency of the evidence, he has waived the argument by failing to present it on direct appeal. A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

to produce sufficient evidence to prove beyond a reasonable doubt that the substance involved in Lyttle's offenses was crack cocaine and not cocaine.  He further believes Gentle was ineffective for failing to conduct an independent analysis of the substance.

The government argues that there was sufficient testimony, from both professional chemists and experienced crack cocaine users and sellers, to establish that the substance involved in Lyttle's offenses was crack cocaine and was therefore subject to the enhanced penalties for cocaine base.

Gentle was not deficient for failing to object to the sufficiency of the evidence to establish the substance as crack cocaine or to have the substance independently tested.  There was overwhelming and reliable evidence, including Lyttle's post-arrest statement, that the substance at issue in this case was crack cocaine.  There is no evidence that should have led Gentle to question the multiple witnesses' identification of the substance as crack cocaine and to have it independently tested.  Her decision not to conduct this investigation was reasonable in light of the circumstances at the time.  Likewise, her decision not to object to the sufficiency of the evidence at trial to establish the substance as crack cocaine was well within the realm of reasonably competent performance.

Furthermore, Lyttle has not established that he was prejudiced by Gentle's performance. He has not even pointed to any evidence that the substance was not crack cocaine or that an independent analysis would have shown that it was not crack cocaine.  He instead complains that the presence of sodium bicarbonate, an essential ingredient in crack cocaine, should not justify enhanced penalties and that law enforcement choose to charge crack cocaine crimes against African-Americans when those crimes could also properly be charged as cocaine crimes.  He does not, however, establish that had Gentle had the substance tested or objected to the

sufficiency of the government's evidence, there was a reasonable probability that the results of the proceedings would have been any different.

For these reasons, Lyttle is not entitled to § 2255 relief on this ground,

C. Finding of Prior Conviction

Lyttle contends that Gentle was ineffective for failing to object at sentencing to the Court's, as opposed to the jury's, finding facts by a preponderance of the evidence, as opposed to beyond a reasonable doubt, that increased his guideline range. Specifically, he believes the jury should have been asked to find beyond a reasonable doubt his prior conviction charged in his § 851 enhancement.

Gentle was not constitutionally ineffective for failing to argue that the jury should have found the existence of Lyttle's prior conviction beyond a reasonable doubt. Defense counsel is not deficient for failing to make a losing argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir.), *cert. denied*, 546 U.S. 899 (2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). The argument Lyttle wanted Gentle to advance was certainly a loser in light of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

In *Almendarez-Torres*, the Supreme Court held that a prior conviction was not an element of a crime that needed to be proved to a jury beyond a reasonable doubt. *Id.* at 243-47; *see United States v. Williams*, 410 F.3d 397, 401 (7th Cir. 2005). In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court confirmed that prior convictions were an exception to the general rule that facts that would increase a statutory maximum sentence must be proved to a jury beyond a reasonable doubt: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added); *accord United*

11

*States v. Booker*, 543 U.S. 220, 244 (2005) ("[W]e reaffirm our holding in *Apprendi*: Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).  So long as the nature of the prior conviction is reflected in a source that has the "conclusive significance of a prior judicial record," the issue need not be tried to a jury and the Court may make the finding. *Shepard v. United States*, 544 U.S. 13, 25 (2005) (citing *Taylor v. United States,* 495 U.S. 575, 602 (1990)).  In this case, it was clear from Lyttle's prior conviction that it was a felony drug conviction.  Because the Court had to look no further than the face of the conviction itself to make such a determination, the Court did not violate Lyttle's constitutional rights when it found him to have a prior felony drug conviction which would enhance his sentence under § 851.  In light of *Almanderez-Torres*, *Apprendi*, *Booker* and their progeny, the argument Lyttle wanted Gentle to make was a sure loser, and she was not deficient for failing to raise it.  Had she raised it, the Court would have soundly rejected it.

  Furthermore, even if Lyttle's legal argument had been correct, relief would not be warranted because he suffered no prejudice from Gentle's failing to make the argument to the Court.  Without the § 851 enhancement, Lyttle would have been facing a statutory sentencing range of ten years to life instead of twenty years to life.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  His prior conviction served only to raise his statutory *minimum* sentence, not his statutory *maximum* sentence, and elevation of the minimum sentence by a judge-made finding by a preponderance of the evidence violates no constitutional provision.  *See Harris v. United States*, 536 U.S. 545, 557 (2002) (plurality);  *United States v. Jones*, 418 F.3d 726, 732 (7th Cir.), *cert. denied*, 546 U.S. 1069 (2005);  *United States v. Hernandez*, 330 F.3d 964, 980 (7th Cir. 2003).

Lyttle having failed to demonstrate defective performance of counsel or prejudice from that performance, the Court must reject this ground for § 2255 relief.

  D.  *Blakely* Claim

Lyttle believes in light of *Blakely v. Washington*, 542 U.S. 296 (2004), that the Court should not have made findings at his sentencing beyond a reasonable doubt that increased his sentence and that Gentle was ineffective for failing to object. The Court believes Lyttle may be arguing that the Court erred in finding by only a preponderance of the evidence Lyttle's relevant conduct and that he was subject to a gun enhancement. The government contends that *Blakely* and the principles for which it stands have no application to this case because the Court determined Lyttle's sentence based on the statutory minimum sentence supported by facts found by the jury beyond a reasonable doubt, not by any findings the Court made by a preponderance of the evidence at the sentencing hearing.

To understand Lyttle's argument, a brief review of *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), is in order. *Blakely* applied the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to a Washington state sentencing scheme similar to the federal sentencing guidelines. In *Blakely*, the defendant pled guilty to second-degree kidnaping, a class B felony that carried a standard sentencing range of 49 to 53 months. *Blakely*, 542 U.S. at 299. In general, class B felonies in Washington could not be punished by prison sentences exceeding ten years. *Id.* The sentencing judge found that aggravating factors existed to justify an exceptional sentence of 90 months, still well within the permissible class B felony range but also well beyond the standard range for second-degree kidnaping. *Id.* at 300. The Supreme Court held, however, that because the facts to which the defendant pled could only support a standard range sentence, *Apprendi* precluded the judge from making further findings to enhance the

sentence, even if the sentence still fell within the class B felony range. *Id*. at 303-04. In essence, the *Blakely* Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original). Therefore, because only the 49 to 53 month range was justified by the defendant's plea and any higher sentence was subject to reversal considering *only the facts admitted in the plea*, the defendant's sentence must fall within that range. *Id.* at 304.

In the lower *Booker* decision, 375 F.3d 508 (7th Cir. 2004), the Seventh Circuit Court of Appeals applied *Blakely* to the federal sentencing guidelines system and held that (other than criminal history) only facts proven to a jury beyond a reasonable doubt or admitted by a defendant could be used to calculate a sentence under the guidelines. *Booker*, 375 F.3d at 510-12. The Supreme Court ultimately confirmed that *Blakely* applies to the federal sentencing guidelines and that application of the guidelines as written is unconstitutional because of their mandatory nature. *Booker*, 543 U.S. at 226-27, 233. However, the Supreme Court held that the proper remedial measure to save the guidelines was not to require that special findings be submitted to a jury. *Id.* at 249-58. The proper remedial measure, the Court decided, was to strike the portions of the Sentencing Reform Act of 1984 that made application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 258-64. Without those provisions of the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264; *see* 18 U.S.C. § 3553(a)(4) & (5).

Again, Gentle was not constitutionally ineffective for failing to object to the Court's findings at sentencing because Lyttle suffered no prejudice. Although the Court determined a

14

sentencing range for Lyttle based on findings by a preponderance of the evidence, those findings did not in any way determine his sentence. On the contrary, his sentence was dictated by the statutory minimum sentence for someone with a prior drug felony conviction who was convicted of conspiring to distribute fifty grams or more of crack cocaine – twenty years. *See* 21 U.S.C. § 841(b)(1)(A)(iii). That statutory minimum was based only on facts found by the jury at his trial – the type and amount of drugs involved in the conspiracy charged in count 1. Thus, the Court made no findings that increased Lyttle's sentence, *Blakely* and *Booker* have no application to Lyttle's case, and Gentle was not ineffective for failing to argue their principles at sentencing.

      E.      Incorrect Sentencing to Supervised Release Term[5]

Finally, Lyttle contends that Gentle was ineffective for failing to object to the Court's imposing a ten-year term of supervised release. Lyttle argues that 18 U.S.C. § 3583 provides for a term of supervised release to be "included" as a part of a sentence, not following a sentence, and that that means his twenty-year sentence of imprisonment combined with his ten-year term of supervised release exceeds the maximum punishment the Court was authorized to impose.

Lyttle's argument is just plain wrong. Section 3583(a) provides:

> The court, in imposing a sentence to a term of imprisonment for a felony . . . may include as a part of the sentence a requirement that the defendant be placed on a

---

[5] To the extent that Lyttle raises this as a direct challenge to the imposition of his supervised release term, the claim must fail. If he is challenging the term as a violation of a statute, he has waived the argument by failing to present it on direct appeal. A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). To the extent that he believes the term violates a constitutional right, he has not shown cause and prejudice or a fundamental miscarriage of justice that would justifying hearing the argument for the first time in this proceeding. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000).

> term of supervised release *after imprisonment*, except that *the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute* . . . .

(emphasis added).

The Court's imposition of Lyttle's supervised release term was not an error and did not warrant objection from counsel. Lyttle's statutory range of imprisonment was twenty years to life because of the jury's verdict and his prior drug felony conviction. *See* 21 U.S.C. § 841(b)(1)(A)(iii). His sentence of imprisonment fell within that range on the extreme low end. Federal law required the Court to "impose a term of supervised release of at least 10 years *in addition to* such term of imprisonment" because Lyttle had a prior drug felony conviction. 21 U.S.C. § 841(b)(1)(A) (emphasis added); *see* 18 U.S.C. § 3583(a). Far from violating any law, Lyttle's sentence was imposed according to the letter of the law. Lyttle has not articulated the nature of any constitutional violation connected with the imposition of his supervised release term, and the Court has been unable to detect any on its own. Gentle was not constitutionally ineffective for failing to make the argument that Lyttle's supervised release term was somehow improper.

Because "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief," 28 U.S.C. § 2255, the Court finds that no hearing is necessary. Lyttle's motion for leave to proceed *in forma pauperis* (Doc. 3) is rendered moot by this ruling because there have been no fees in this litigation. Should Lyttle appeal this ruling, he may apply for leave to proceed *in forma pauperis* on appeal at that time.

### IV.  Conclusion

For the foregoing reasons, the Court:

- **DENIES** Lyttle's § 2255 motion (Doc. 1);

- **DENIES as moot** Lyttle's motion for leave to proceed *in forma pauperis* (Doc. 3); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 11, 2007**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**